# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GEORGE DUGGAN,

    Appellant,

     v.

DEPARTMENT OF DEFENSE,

    Agency.

DOCKET NUMBER
SF-1221-14-0544-W-2

DATE: September 13, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Ota</u>, Esquire, Alameda, California, for the appellant.

<u>Mark Hostetter</u>, San Jose, California, for the appellant.

<u>David Gallagher</u>, Fort Belvoir, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to supplement the contributing factor analysis, we AFFIRM the initial decision.

## BACKGROUND

¶2  The appellant, a Senior Auditor with the Defense Contract Audit Agency (DCAA), filed a timely IRA appeal challenging several personnel actions that he alleged were taken because he made seven alleged protected disclosures. *Duggan v. Department of Defense*, MSPB Docket No. SF-1221-14-0544-W-1, Appeal File (W‑1 AF), Tab 1.  The appellant exhausted the whistleblower complaint procedures with the Office of Special Counsel.  W‑1 AF, Tab 3, Subtab 4c.  After discovery and a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action.  *Duggan v. Department of Defense*, MSPB Docket No. SF-1221-14-0544-W-2, Appeal File (W‑2 AF), Tab 21, Initial Decision (ID).

¶3  The appellant has filed a petition for review, arguing that the administrative judge mischaracterized the nature of his disclosures, abused his discretion in denying his motion to compel discovery and not approving certain witnesses for the hearing, and erred in applying the law to the facts of the case.  Petition for Review (PFR) File, Tab 3.  The agency has opposed the petition for review.

PFR File, Tab 5. The appellant filed a reply to the agency's opposition. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge did not abuse his discretion by denying the appellant's motion to compel discovery and request for additional witnesses at the hearing.</u>

¶4 The appellant argues that the administrative judge abused his discretion in denying, in part, his motion to compel discovery. PFR File, Tab 3 at 28. Specifically, the appellant alleges that his document requests sought evidence to establish disparate treatment. *Id.* The Board will not reverse an administrative judge's discovery rulings absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993). After reviewing the disputed discovery requests, we find that the administrative judge did not abuse his discretion.

¶5 The appellant argues that the administrative judge should have granted his motion to compel regarding document requests 1‑26, which he characterizes as seeking documents that referenced him to and from "superiors" and other agency officials who are likely to have been involved in the adverse personnel actions that are at issue in this case. PFR File, Tab 3 at 28; W‑2 AF, Tab 14 at 8. The administrative judge granted the appellant's motion to compel responses to document requests 1‑4 and 7‑8, which concerned documents to and from the management officials responsible for the alleged retaliatory personnel actions. W‑1 AF, Tab 14 at 29‑35, Tab 25 at 2.

¶6 The administrative judge did not abuse his discretion by denying the motion to compel responses to document requests 11‑12, which requested documents to and from a manager who works in the agency's Internal Review Directorate (IRD). In his disclosure on the Government Executive website, the appellant accused IRD of covering management malfeasance and of being used to keep employee complaints out of the hands of the Inspector General. W‑1 AF, Tab 22,

Subtab A‑09. He provided extensive testimony at the hearing concerning his belief that IRD treated complaints filed by supervisors differently than complaints filed by nonsupervisory employees and failed to recommend discipline when supervisors committed misconduct. Hearing Transcript (HT), Volume (Vol.) 1 at 133‑52. The record also contains extensive documentation concerning the IRD investigations that the appellant alleges are relevant to his appeal. W‑1 AF, Tab 22, Subtabs H‑29 – H‑37. We find that the appellant's argument that IRD investigations did not result in discipline against supervisory employees is not relevant to the issues in this appeal, and the administrative judge did not abuse his discretion in denying the appellant's request for documents from an IRD manager.

¶7    The administrative judge did not abuse his discretion by denying the motion to compel responses to document requests 21‑24, which requested documents to and from two attorneys who represented the agency in litigation involving the appellant. W‑1 AF, Tab 14 at 35. The agency objected to these document requests based on attorney-client privilege. *Id*. We agree that these communications are protected by the attorney-client privilege. An appellant can be denied discovery of relevant information that is protected by the attorney‑client privilege. *Grimes v. Department of the Navy*, [99 M.S.P.R. 7](#), ¶ 8 (2005).

¶8    The administrative judge did not abuse his discretion in denying the appellant's motion to compel responses to document requests 9‑10, 17‑20, and 25‑26, which requested documents about the appellant to and from the head of the agency, the Regional Director, the appellant's fourth-level supervisor, and the deciding official's supervisor. W‑1 AF, Tab 14 at 31, 33‑34. In considering the existence and strength of any motive to retaliate on the part of agency officials who were involved in the decisions, the Board must consider evidence of other

officials not directly involved but who may have influenced the decision by a retaliatory motive. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012). However, there is no indication that any of these managers influenced the decision on the proposed suspension or the performance appraisal at issue in this appeal. The agency assigned a deciding official for the proposed suspension who was not in the appellant's chain of command and had not been the subject of any of his disclosures and complaints. HT, Vol. 9 at 185‑93. The appellant requested and received every document referencing his disclosure to the Government Executive website. W‑1 AF, Tab 5, Subtabs K‑08 – K‑12, K‑24 – K‑41. The appellant requested and received emails to and from the managers who participated in the personnel actions at issue. W‑1 AF, Tab 25. The appellant has failed to show how the additional documents he requested would have affected the administrative judge's findings. *See Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶ 18 (stating that the Board will not find reversible error in an administrative judge's discovery rulings absent an abuse of discretion that prejudiced the appellant's substantive rights), *aff'd*, 544 F. App'x 976 (Fed. Cir. 2013).

¶9        The administrative judge did not abuse his discretion by denying the appellant's motion to compel responses to document requests 13‑16, which requested documents about the appellant to and from the two human resources specialists who advised management concerning the personnel action at issue in this appeal. W‑1 AF, Tab 14 at 32. The human resources specialists were not the subject of any of the appellant's disclosures, and the record contains no evidence that they were otherwise motivated to influence the responsible management officials to retaliate against the appellant. Because the administrative judge granted the appellant's motion to compel discovery of all the documents concerning the appellant to and from the responsible management officials during the relevant time period, any documents to or from the human resources

specialists to the responsible management officials already were subject to discovery.

¶10     The appellant also argues that the administrative judge abused his discretion by denying his motion to compel discovery for interrogatories 9-16 and document requests 28‑37, which he characterizes as seeking evidence concerning the treatment of comparators. PFR File, Tab 3 at 28‑29. Document request 28 sought all documents related to every disciplinary action taken against employees in the DCAA Western Region for a 7‑year period. *Id.* Records concerning whether the agency took action in response to similar misconduct by other employees who were not whistleblowers could be relevant in determining whether the agency met its burden to show by clear and convincing evidence it would have taken the same personnel actions against the appellant absent his disclosures. *McGrath v. Department of the Army*, 83 M.S.P.R. 48, ¶ 11 (1999). In response to interrogatory 10, the agency provided the appellant with documents concerning disciplinary actions taken against DCAA Western Region employees for comments similar to those made by the appellant. W‑1 AF, Tab 16 at 5‑6. The record contains written decisions in adverse actions taken against five employees disciplined, at least in part, for making inappropriate statements. W‑1 AF, Tab 20. The administrative judge did not abuse his discretion by denying the appellant's motion to compel discovery seeking this same information via additional document requests and interrogatories.

¶11     The appellant's interrogatories 11‑17 and document requests 34‑35 sought evidence concerning the disposition of investigations by the Department of Defense Inspector General and the DCAA's IRD. W‑1 AF, Tab 14 at 25‑28, 38. The appellant argues that his discovery requests concerning cases investigated by IRD relate to possible similar cases of discipline. PFR File, Tab 6 at 14. The disposition of these investigations is irrelevant to this case; therefore, we find that the administrative judge did not abuse his discretion in denying the appellant's

motion to compel responses to these document requests.[2]  Document request 37 concerns fiscal year 2013 performance awards.  *Id.* at 38.  The agency responded to the request by stating that there were no responsive documents because it did not provide performance awards for fiscal year 2013.  *Id.*  This response is responsive to the appellant's request.

¶12        The appellant also argues that the administrative judge abused his discretion by denying him certain witnesses at the hearing.  PFR File, Tab 3 at 29.  The appellant requested 17 witnesses.  W‑2 AF, Tab 7.  The administrative judge allowed 11 of those witnesses to testify.[3]  W‑2 AF, Tab 10.  The appellant objected to being denied the testimony of five witnesses.  W‑2 AF, Tab 11.  On petition for review, the appellant argues that the administrative judge abused his discretion in denying his request for four witnesses.[4]  PFR File, Tab 3 at 29.

¶13        An administrative judge has wide discretion to control the proceedings, including holding prehearing conferences for the simplification of issues and ruling on exhibits and witnesses.  5 C.F.R. § 1201.41(b).  Here, the administrative judge properly assessed that the testimony of the denied witnesses would have been irrelevant or duplicative of the approved witnesses' testimony.  *See Benton v. Department of Labor*, 25 M.S.P.R. 430, 436 (1984) (stating that an administrative judge has wide discretion to exclude witnesses the appellant has not shown would offer relevant, material, and nonrepetitious evidence).

---

[2] The appellant was allowed to provide extensive testimony at the hearing concerning these IRD investigations.  HT, Vol. 1 at 133‑52.  The record also contains documents concerning the specific investigation that is the subject of document request 35.  W‑1 AF, Tab 22, Subtabs H‑29 – H‑37.  Therefore, the appellant has not shown that he was prejudiced by the administrative judge denying his motion to compel discovery in response to this document request.

[3] Four of the appellant's 11 witnesses were also on the agency's witness list.  W‑1 AF, Tab 20 at 1‑2.

[4] The appellant has abandoned his claim that the administrative judge erred by denying his request to have the head of the agency testify at the hearing.  PFR File, Tab 3 at 29‑30.

¶14     The appellant argues that two of the denied witnesses would have testified about the lack of discipline for disrespectful employees who were not whistleblowers, and the other two witnesses would have "themselves been evidence of disparate treatment." *Id.* at 29‑30. The record is completely developed regarding the issue of disparate treatment. HT, Vol. 4 at 190‑201, 226‑36 (testimony establishing that there were no comparable cases of misconduct because the appellant was the only employee charged with a third offense of disrespectful conduct). The parties also stipulated to the fact that no employee was disciplined for calling the appellant "unprofessional." *Id.* at 237. The record, moreover, contains testimony that several managers were not disciplined based on complaints about their "bad behavior." HT, Vol. 9 at 120‑21. The appellant has not established that the testimony of these additional witnesses would not have been unduly repetitious.

The administrative judge appropriately determined that three of the appellant's disclosures were not protected whistleblowing.

¶15     In reviewing the merits of an IRA appeal based on an allegation of whistleblower reprisal, the Board must examine whether the appellant proved by preponderant evidence that he made protected disclosures under 5 U.S.C. § 2302(b)(8), and that his whistleblowing disclosure was a contributing factor in an agency personnel action; if so, the Board must order corrective action unless the agency established by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosures. *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 17 (2013). An individual making a disclosure may be protected from retaliation for whistleblowing based on his reasonable belief that his disclosure evidenced one or more of the categories of wrongdoing listed in 5 U.S.C. § 2302(b)(8), even when his belief is mistaken. *Drake v. Agency for International Development*, 543 F.3d 1377, 1382 (Fed. Cir. 2008). The test for determining if an employee's belief regarding the

disclosed matter is reasonable is whether a disinterested observer with knowledge of the essential facts known and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidence the wrongdoing disclosed. *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

¶16    The appellant alleges that the initial decision mischaracterized his disclosures by stating that they all concern DCAA's access‑to‑records policy. PFR File, Tab 3 at 13. The initial decision states that the appellant's seven alleged protected disclosures, during the time that he was part of a team examining the financial records of the Environmental Chemical Corporation (ECC), all relate to his belief that management was not following the agency's access-to-records policy. ID at 4. The alleged disclosures were identified in the initial decision as follows:

1. At a January 22, 2013, morning meeting the appellant told the new Branch Manager that DCAA management was not following its access to records policy at the ECC audits;

2. At an afternoon meeting that same day, he told the Branch Manager that her supervisor was not following the denial to access to records policy and the Generally Acceptable Government Audit Standards (GAGAS);

3. On February 8, 2013, he told the Branch Manager that it was inappropriate for her to attempt to manipulate the written record of the January 22, 2013, team meeting to make it appear that he had acted inappropriately;

4. On February 14, 2013, he told the Branch Manager that she had wrongly interpreted the GAGAS government audit standards requirement of candor in audit communications and disrespectfully called him and others "unprofessional," when in fact his statements and actions were consistent with professional standards;

5. In a May 8, 2013, article on the Government Executive website, the appellant discussed shortcomings of DCAA agency leadership under the Director who took over in 2008;

6. In a May 15, 2013, comment on the Government Executive website, the appellant rebutted the agency Director's response to the May 8, 2013, article on the same website;

7.  In an August 29, 2013, e-mail to the Branch Manager and agency management the appellant said that the Branch Manager's direct order to censor him in a meeting was mismanagement and abuse of authority which jeopardized proper oversight of billions of dollars of government subcontracts.

ID at 5‑6.  The appellant argues that only two of the disclosures concern the access‑to‑records policy.  PFR File, Tab 3 at 13-16.  Even if the administrative judge's summary of the disclosures was inaccurate, we disagree with the appellant's argument that this reflects a misunderstanding of the nature of the disclosures.  The initial decision accurately identifies each of the seven alleged disclosures.  *Compare* ID at 5‑6, *with* W‑1 AF, Tab 21 at 5.

¶17        The appellant also argues that the administrative judge erred by finding disclosures three, four, and seven, which the appellant claims concern "management abuse," were not protected disclosures.  PFR File, Tab 3 at 14; ID at 5‑6.  For purposes of the Whistleblower Protection Act, an abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or to other persons.  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 15 (2014).  The administrative judge appropriately found that disclosures three, four, and seven are not protected disclosures of gross mismanagement or an abuse of authority as defined by 5 U.S.C. § 2302(b)(8).

¶18        Disclosure three alleges that the Branch Manager attempted to manipulate team meeting minutes.  W‑2 AF, Tab 5 at 2; ID at 5.  The minutes from the meeting were circulated so that the attendees could provide comments.  W‑1 AF, Tab 22, Subtab A‑03.  The Branch Manager, who was one of the attendees, commented on items she felt had been left out of the minutes.  W‑1 AF, Tab 3, Subtab 4t at 6.  Her comments were not integrated into the minutes, but she requested that they be attached.  HT, Vol. 4 at 64‑65.  Even without the Branch Manager's input, the minutes are consistent with management's description of the

appellant's conduct in the notice of proposed suspension. *Compare* W‑1 AF, Tab 22, Subtab A‑02b, *with* W‑1 AF, Tab 1 at 6‑7. The Branch Manager testified repeatedly that it was inappropriate to document the appellant's misconduct during the meeting in the minutes. HT, Vol. 4 at 64‑65. The dispute over what should and should not be included in the team meeting minutes is a philosophical disagreement, and a reasonable person with knowledge of the facts readily available to the appellant could not conclude that the Branch Manager's attempt to provide input into the minutes was an arbitrary or capricious exercise of power or gross mismanagement. *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 8 (2015) (stating that even under the expanded protections afforded to whistleblowers under the Whistleblower Protection Enhancement Act, general philosophical disagreements are not protected unless they separately constitute a protected disclosure of one of the categories of wrongdoing listed in 5 U.S.C. § 2302(b)(8)(A)).

¶19    The appellant also argues that the administrative judge erred by finding that disclosure four—that the Branch Manager had wrongly interpreted the GAGAS Government audit standards requirement of candor in audit communications and disrespectfully called him and others "unprofessional"—was not a protected whistleblowing disclosure. ID at 5‑6. The statutory protection for whistleblowers is not a weapon in arguments over policy or a shield for insubordinate conduct. *Webb*, 122 M.S.P.R. 248, ¶ 8 (citing *O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶ 14 (2013)), *aff'd*, 561 F. App'x 926 (Fed. Cir. 2014)). We agree with the administrative judge's conclusion that the appellant's conduct was insubordinate. ID at 16‑18. Moreover, "gross mismanagement" requires that the claimed error in the agency's adoption of or adherence to a policy be a matter that is not debatable among reasonable people. *White v. Department of the Air Force*, 391 F.3d 1377, 1383 (Fed. Cir. 2004). The appellant's interpretation of the candor requirement in the

GAGAS is debatable as reflected by the testimony of his fellow DCAA auditors who believe that an auditor can fulfill the candor requirement while maintaining a respectful demeanor and tone. HT, Vol. 9 at 81‑83, 109‑10, 268‑69. We agree with the administrative judge's finding that this disclosure is not a protected disclosure pursuant to 5 U.S.C. § 2302(b)(8). *White*, 391 F.3d at 1382.

¶20    Similarly, in disclosure seven, the appellant alleges that he disclosed gross mismanagement and an abuse of authority by telling the Branch Manager not to censor him during a meeting. W‑1 AF, Tab 22, Subtab A‑17. The appellant asked questions during a meeting that his supervisors deemed "inappropriate" for the context of the meeting, and he was asked not to ask similar questions during a subsequent discussion. *Id*. A reasonable person with knowledge of the facts available to the appellant could not conclude that his supervisors acted arbitrarily or capriciously by asking him to "share and use [his insight] in an appropriate manner." *Id*. We agree with the administrative judge's conclusion that this was not a protected disclosure. *Lachance*, 174 F.3d at 1381 (stating that a purely subjective perspective of an employee is not sufficient for establishing a reasonable belief of a protected disclosure under 5 U.S.C. § 2302(b)(8)).

## The appellant proved that his protected disclosures were a contributing factor in the personnel actions at issue.

¶21    The administrative judge found that the four remaining disclosures were protected disclosures. ID at 6, 20. Because the administrative judge held a hearing, he implicitly found that the appellant made a nonfrivolous allegation that his protected disclosures were a contributing factor in the agency's decisions to take personnel actions against him. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 15 (2015). To prove that a disclosure was a contributing factor in a personnel action, the appellant only need demonstrate that the fact of, or the content of, the protected disclosure was one of the factors that tended to affect the personnel action in any way. *Carey v. Department of Veterans Affairs*, 93 M.S.P.R. 676, ¶ 10 (2003). We find that, because the appellant's

whistleblower disclosures were cited explicitly in support of the suspension, and his performance appraisal also was affected by the tone of his disclosures, he has met his burden of proving contributing factor as to those actions. W‑1 AF, Tab 1 at 6‑11, Tab 3, Subtab 4p at 4; *Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶ 35 (2011) (finding that when specifications in a proposed adverse action are grounded in the protected disclosures themselves, the disclosures were a contributing factor in the agency's adverse action decision). Additionally, the appellant has met his burden of proving contributing factor for the revocation of his telework agreement because that personnel action was the result of the lowered performance appraisal. W‑1 AF, Tab 3, Subtab 4o.

¶22　　　We modify the initial decision to find that the appellant also has met his burden of proving contributing factor regarding his disclosures to the Government Executive website concerning his performance rating and the revocation of his telework agreement by satisfying the knowledge/timing test. The knowledge/timing test allows an employee to demonstrate that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Mastrullo*, 123 M.S.P.R. 110, ¶ 18.

¶23　　　According to the appellant, he first made contact with the Government Executive website around March 27, 2013, and his disclosures were first published on May 8, 2013. W‑1 AF, Tab 2, Subtabs A‑09 – A‑10; HT, Vol. 7 at 70‑78. We agree with the administrative judge's finding that there is no evidence that the official responsible for the appellant's suspension knew about his disclosures to the Government Executive website prior to the date that they were published. ID at 20. The appellant's performance rating was signed on July 31, 2013, and his telework agreement was revoked on September 3, 2013,

after the managers responsible for those actions became aware of these disclosures. W‑1 AF, Tab 3, Subtabs 4o‑4p, Tab 22, Subtab H‑16. Given the proximity in time between the appellant's disclosures to the Government Executive website, his performance evaluation, and the revocation of his telework agreement, we find that he has demonstrated that those disclosures were a contributing factor in those personnel actions by satisfying the knowledge/timing test. *See Mastrullo*, 123 M.S.P.R. 110, ¶ 21 (holding that a personnel action taken within approximately 1‑2 years of the appellant's disclosures satisfies the knowledge/timing test). Once an appellant has satisfied the knowledge/timing test, an administrative judge must find that the appellant has shown that his whistleblowing was a contributing factor in the personnel action at issue even if, after a complete analysis of all the evidence, a reasonable factfinder could not conclude that the appellant's whistleblowing was a contributing factor in the personnel action. *Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 21 (2010).

The administrative judge appropriately found that the agency established by clear and convincing evidence that it would have taken the same personnel actions absent the appellant's protected disclosures.

¶24 In determining whether the agency has shown by clear and convincing evidence that it would have taken the same personnel action in the absence of the whistleblowing, the Board considers the strength of the agency's evidence in support of its personnel action, the strength of any motive to retaliate on the part of the agency officials who were involved in the decision, and any evidence that the agency takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The appellant argues that the administrative judge erred in applying the *Carr* factors and the agency has not established by clear and convincing evidence that it would have taken the same personnel actions in the absence of the whistleblowing disclosures.

¶25     Specifically, he alleges that the proposed suspension contains false information. PFR File, Tab 3 at 3, 18‑20. However, none of the alleged false statements identified by the appellant directly relate to his charged misconduct, i.e., communicating with his supervisors in an insubordinate and disrespectful manner. *Id.* at 18‑20. The facts the appellant disputes concern the surrounding circumstances of the ECC audits. *Id.* Even if the appellant is correct about the errors, those errors are not relevant to whether the agency would have suspended him absent his whistleblowing disclosures.

¶26     As to the first *Carr* factor, we agree with the administrative judge's finding that the strength of the agency's evidence in support of the suspension action is ample in light of the appellant's prior discipline for similar misconduct. ID at 19. The appellant admits that he interrupted his supervisor repeatedly during a meeting and told her that she was incorrect in front of other colleagues. HT, Vol. 7 at 169‑72. He also testified that he knew what he was doing displeased her, yet he continued to interrupt and dominate the meeting anyway. *Id.* at 179‑80. We also agree with the administrative judge's finding that the appellant acknowledged at the hearing that he said virtually everything ascribed to him in the proposal notice. ID at 15; HT, Vol. 7 at 169‑81. As found by the administrative judge, the tone of the appellant's email was aggressive, derogatory, unprofessional, disruptive, and rude. ID at 18. It is well settled that the statutory protections for whistleblowers are not a shield for insubordinate conduct. *Lachance*, 174 F.3d at 1381. The narrative for the appellant's performance appraisal was based in part on these same instances of inappropriate conduct toward his supervisors. HT, Vol. 9 at 123. Thus, the strong evidence supporting the suspension also supports the performance appraisal, which resulted in revocation of the appellant's telework agreement.

¶27     Prior to the hearing, the agency rescinded the appellant's suspension, raised his performance evaluation, and reinstated his right to telework. ID at 2 n.1. The

appellant has cited to *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 33 (2013), for the proposition that rescinding a disciplinary action after an employee files a grievance could be considered an admission of a retaliatory motive. We do not agree with the appellant's interpretation of the holding in this case. The agency in *Rumsey* did not rescind a personnel action. The appellant in *Rumsey* was the prevailing party in a grievance concerning a personnel action, and the agency cancelled that action as a result of the adverse finding. *Id.* The Board found that the agency in *Rumsey* did not have strong evidence supporting the personnel action based, in part, on the finding of a third party. There is no similar finding in this appeal. Based on our review of the record, we agree with the administrative judge's finding that the agency presented strong evidence in support of the personnel actions at issue in this appeal. ID at 7‑24.

¶28 The second *Carr* factor is the strength of any motive to retaliate on the part of the agency officials who were involved in the personnel actions. *Carr*, 185 F.3d at 1323. The Board cannot decide whether the agency has carried its burden by clear and convincing evidence by looking only at the evidence that supports the conclusion reached. *Whitmore*, 680 F.3d at 1367-68. In determining whether an agency has proven by clear and convincing evidence that it would have taken an alleged retaliatory action absent an appellant's whistleblowing, the administrative judge should consider any motive to retaliate on the part of the agency official who ordered the action, as well as any motive to retaliate on the part of other agency officials who influenced the action. *Herman v. Department of Justice*, 119 M.S.P.R. 642, ¶ 16 (2013). Given the appellant's long history as a whistleblower, which is well documented in the record, the agency officials responsible for the personnel actions at issue could have had a motive to retaliate against him.

¶29 The third *Carr* factor is any evidence that the agency takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323. The human resources specialist who advised

the deciding official testified that there were no comparable employees, i.e., other employees disciplined repeatedly for disrespectful conduct. HT, Vol. 4 at 193‑94. There was considerable testimony at the hearing concerning disciplinary actions taken against other employees for disrespectful conduct, and the reasons those actions were distinguishable from the appellant's. *Id.* at 195‑226. The agency also presented undisputed testimony that other employees who received minimally successful performance evaluations had their telework agreements revoked. *Id.* at 179‑80, 204. Considering the appellant continued to repeat the same misconduct despite previous suspensions, we agree with the administrative judge's analysis and finding that the strength of the agency's evidence in support of both the suspension and performance appraisal outweighs the motive to retaliate. ID at 7‑25.

¶30 The appellant also argues that the initial decision contains an erroneous finding of fact by concluding that the Branch Manager did not call him "unprofessional" in response to his first protected disclosure. PFR File, Tab 3 at 25. We do not agree. The initial decision summarizes the testimony of two witnesses who testified that they did not hear the Branch Manager call the appellant "unprofessional," but makes no findings regarding this fact. ID at 8.

¶31 In sum, we discern no error in the administrative judge's conclusion that the agency proved by clear and convincing evidence that it would have taken the personnel actions at issue in the absence of the appellant's protected whistleblowing disclosures.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional

information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.